UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JONATHAN CHRISTOPHER WRIGHT,

v. Case No. 8:02-cr-201-T-17MAP
8:05-cv-1120-T-17MAP

UNITED STATES OF AMERICA.

______________________________

# O R D E R

This cause is before the Court on Defendant Wright (Wright's) motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-1; cr-78).

## BACKGROUND

On November 18, 2003, Wright pled guilty to Counts Four, Five, and Six of the Indictment. Counts Four and Six charged Wright with distributing five grams or more of cocaine base, also known as "crack," in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). Count Five charged Wright with felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Counts Four and Six each carried a mandatory

minimum sentence of five years imprisonment, and a maximum sentence of 40 years imprisonment. Count Five carried a maximum sentence of ten years imprisonment. On July 30, 2004, the Court sentenced Wright to a total term of 100 months imprisonment. (Doc. cr-71).

On August 2, 2004, the parties filed a joint motion to correct Wright's sentence pursuant to Rule 35(a). The motion was based on the fact that two of the three charges to which Wright pled guilty were misnumbered in the plea agreement; namely, Counts Four and Five. (Doc. cr-74). The Court granted the motion to correct sentence. (Doc. cr-75). On August 4, 2004, the Court resentenced Wright to 100 months imprisonment as to each of Counts Four, Five and Six of the Indictment with the sentences to run concurrently. (Doc. cr-76). Judgment was entered.

Wright did not appeal the conviction and sentence and his conviction became final on direct appeal 10 days after judgment was entered, or August 14, 2004. See Fed. R.App. P. 4(b)(1); Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000); Adams v. United States, 173 F.3d 1339, 1342 (11th Cir. 1999) (when defendant does not pursue direct appeal, conviction becomes final when time for filing a direct appeal expires).

Wright signed the timely-filed motion to vacate on June 13, 2005, and filed the motion on June 15, 2005.

## DISCUSSION

In his 28 U.S.C. § 2255 motion to vacate, Wright raises claims related to his sentencing and seeks to be resentenced pursuant to the holdings in United States v. Booker, 125 S.Ct. 738 (2005) and Blakely v. Washington, 124 S.Ct. 2531 (2004). Because neither Booker nor Blakely are retroactive on collateral attack, the Court will deny Wright's

motion to vacate. See Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005).

Accordingly, the Court orders:

That Wright's motion to vacate (Doc. cv-1; cr-78) is denied. The Clerk is directed to enter judgment against Wright in the civil case and to close that case.

ORDERED in Tampa, Florida, on June 22, 2005.




AUSA: Kelley C. Howard
Pro se: Jonathan Christopher Wright